IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| AMY J. NEEDHAM, | Civil Action |
| Plaintiff, | No. 13-01829 |
| v. | JURY TRIAL DEMANDED |
| WILLIAM P. MULLEN, SHERIFF OF ALLEGHENY, LIEUTENANT JOHN KEARNEY, DETECTIVE JARED KULIK, JOHN DOE, JANE DOE, ALLEGHENY CORRECTIONAL HEALTH SERVICES, INC. and ALLEGHENY COUNTY, | |
| Defendants. | |

SECOND AMENDED COMPLAINT IN CIVIL ACTION

AND NOW, comes the Plaintiff, AMY J. NEEDHAM, by and through her attorneys, Marvin Leibowitz, Esquire, and Marvin Leibowitz and Associates and files this Second Amended Complaint in Civil Action.

1) The Plaintiff, Amy J. Needham, is an adult individual who resides at 939 Perry Highway, Apartment 2, Pittsburgh, PA 15229.

2) The Sheriff of Allegheny County is a law enforcement agency and is responsible for the arrest of and transfer of prisoners.

3) Lieutenant John Kearney is an adult individual and is an employee of the Allegheny County Sheriff's Office.

4) Detective Jared Kulik is an adult individual and is an employee of the Allegheny County Sheriff's Office.

5) Defendant, Allegheny Correctional Health Services, Inc., at all relevant times, was engaged in the business of providing health care and services on a contract basis to Allegheny County and the Allegheny County Jail and at all relevant times herein did in fact, provide such health care services to inmates/detainees of said jail, while maintaining an office and conducting business at 3333 Forbes Avenue, Pittsburgh, Allegheny County, PA.

6) Allegheny County, hereinafter "Defendant County" is a Pennsylvania County of the second class with executive offices located at the Second Floor, Allegheny County Courthouse, 436 Grant Street, Pittsburgh, Pa 15219. Allegheny County possesses the corporate power to sue or be sued.

7) Allegheny County is vested with the government and management of the Allegheny County Jail.

8) John Doe is an adult individual and is an Allegheny County Correctional Officer. He is an employee of Allegheny County.

9) Jane Doe is an adult individual and is an Allegheny County Correctional Officer. She is an employee of Allegheny County.

II. JURISDICTION

10) The jurisdiction of the Court is invoked pursuant to 28 U.S.C. 1331, 1343 and 1367.

11) The claims for relief and cause of action alleged herein arise under 42 U.S.C. 1983, the 4th, 8th and 14th Amendments of the United States Constitution and the Plaintiff's pendent state claims arise due to violations of Article 1, Sections 1, 8, and 13 of the Constitution of the Commonwealth of Pennsylvania, as well as the Plaintiff's "common law claims".

12) The Plaintiff is a female born on January 23, 1978.

13) Defendants Lieutenant Kearney and Detective Kulik, on April 2, 2013, along with five other deputy sheriffs, entered the residence of the Plaintiff to arrest her.

14) The Plaintiff was in the second floor bathroom of the house when the police approached.

15) The Plaintiff told the two Deputy Sheriffs that she was going to the bathroom.

16) The Deputy Sheriffs would not wait and broke the bathroom door down.

17) Defendant Lieutenant Kearney tasered her on two occasions and forced her to fall to the ground.

18) Defendant Detective Kulik applied arm bars and wrist locks on the Plaintiff.

19) Defendant Sheriffs applied handcuffs that were too tight.

20) The Plaintiff was placed in the van with very tight handcuffs for the ride to the Allegheny County Jail.

21) Defendants Kearney and Kulik used unreasonable force in the arrest of the Plaintiff.

22) As a result of the excessive use of force, the Plaintiff suffered a compartment syndrome of the left upper extremity.

23) The Defendant was then lodged in the Allegheny County Jail on April 2, 2013, as a pre-trial detainee.

24) The Plaintiff became very sick at the Allegheny County Jail. She developed a staph infection and had massive headaches.

25) The Plaintiff requested to see a physician on sixteen occasions but was not permitted to see a physician.

26) The Plaintiff requested John Doe and Jane Doe to see a physician on sixteen occasions but was not permitted to see a physician.

27) The Plaintiff did not receive any medical care from a nurse, doctor or any competent medical practitioner.

28) The Plaintiff was hospitalized at the UPMC Mercy Hospital and underwent above elbow amputation of the left arm. She received acute dialysis.

29) Defendants Kearney and Kulik acted in willful disregard for the safety of the Plaintiff by employing excessive force against the Plaintiff.

30) The unlawful use of unreasonable force in this case was the direct result of Defendant Mullen's pattern, practice and action of subjecting citizens such as Amy Needham to unreasonable force.

31) Defendants Kearney and Kulik acted willfully, deliberately, maliciously or with reckless disregard of Ms. Needham's constitutional and statutory rights.

32) Defendants Kearney and Kulik engaged in the aforesaid conduct for the purpose of violating Ms. Needham's constitutional rights by subjecting her to unreasonable force.

33) Defendants John Doe and Jane Doe were deliberately indifferent to the safety of the Plaintiff by refusing to allow her to be seen by a nurse, doctor or medical professional, despite sixteen requests.

34) Defendants Allegheny Correctional Health Services, Inc. and Allegheny County, were deliberately indifferent to the safety of the Plaintiff by refusing to let her be seen by a physician, nurse or other medical practitioner, despite sixteen requests.

35) As a direct and proximate result of the foregoing, Plaintiff has suffered the following injuries and damages:

   a. left above-elbow amputation of arm;

   b. septic shock;

   c. acute dialysis;

   d. compartment syndrome of the left arm;

   e. post-traumatic stress syndrome;

   f. she has lost her sense of self-worth;

   g. she suffers from self-revulsion; and

   h. other injuries that may become apparent during the pendency of this action.

COUNT I

VIOLATION OF PLAINTIFF'S CIVIL RIGHTS
42 U.S.C. 1983
AMY J. NEEDHAM v. WILLIAM MULLEN, SHERIFF OF ALLEGHENY
COUNTY, LIEUTENANT JOHN KEARNEY and
DEPUTY SHERIFF JARED KULIK

36) Paragraphs 1 through 35 are hereby incorporated by reference as if fully set forth at length herein.

37) As a direct and proximate result of all Defendants' conduct, committed under the color of law, Ms. Needham was deprived of her right to be free from unreasonable and excessive force, to be secure in her person and property and to due process of law. As a result, Ms. Needham suffered and continues to suffer harm in violation of her rights under the laws and Constitution of the United States, in particular to the Fourth and Fourteenth Amendments thereof, and 42 U.S.C. 1983.

38) As a direct and proximate result of the acts of all Defendants, Ms. Needham sustained physical injuries, emotional harm, loss of liberty, and financial losses, all to her detriment and harm.

39) Defendant Sheriff Mullen has encouraged, tolerated, ratified and has been deliberately indifferent to the following patterns, practices and customs and to the need for more or different training, supervision, investigation or discipline in the areas of:

a. The use of unreasonable force and excessive force by deputy sheriffs;

b. The proper exercise of police powers, including but not limited to the unreasonable use of force and the excessive use of force, particularly in connection with perceived challenges to police authority;

c. Police officers' use of their status as police officers to employ the use of excessive force or to achieve ends not reasonable related to their police duties; and

d. The failure of police officers to follow established policies, procedures, directives and instructions regarding the use of force under such circumstances as presented herein.

40) The Sheriff of Allegheny County failed to properly sanction or discipline officers, who are aware of and conceal and/or aid and abet violations of constitutional rights of citizens by other Deputy Sheriffs, thereby causing and encouraging other Deputy Sheriffs, including the Defendant officers in this case, to violate the rights of citizens such as Ms. Needham.

41) Defendants have by the above described actions deprived Ms. Needham of rights secured by the Fourth and Fourteenth Amendments to the United States Constitution in violation of 42 U.S.C. §1983.

WHEREFORE, the Plaintiff respectfully requests that this District Court enter judgment against the Defendants, jointly and severally, and for the Plaintiff in the amount in excess of $75,000.00 plus costs of suit, and any other relief this District Court deems just and equitable. The Plaintiff also requests punitive damages against Lieutenant John Kearney and Detective Jared Kulik.

### COUNT II

VIOLATIONS OF PLAINTIFF'S CIVIL RIGHTS
ARTICLE 1 – 1, 8, AND 13 OF CONSTITUTION OF THE
COMMONWEALTH OF PENNSYLVANIA
AMY J. NEEDHAM v. WILLIAM MULLEN, SHERIFF OF ALLEGHENY
COUNTY, LIEUTENANT JOHN KEARNEY and
DEPUTY SHERIFF JARED KULIK

42) Paragraphs 1 through 41 are hereby incorporated by reference as if fully set forth at length herein.

43) As a direct and proximate result of the aforesaid conduct, the Plaintiff has suffered those injuries as aforedescribed, which have resulted in the violation of her constitutionally protected rights as set forth in Article 1 §§1, 8, and 13 of the Constitution of the Commonwealth of Pennsylvania.

WHEREFORE, the Plaintiff respectfully requests that this District Court enter judgment against the Defendants, jointly and severally, and for the Plaintiff in the amount in excess of $75,000.00 plus costs of suit, and any other relief this District Court deems just and equitable. The Plaintiff also requests punitive damages against Lieutenant John Kearney and Detective Jared Kulik.

## COUNT III

### DEPRIVATION OF CONSTITUTIONAL RIGHTS UNDER THE FOURTEENTH AMENDMENT AMY J. NEEDHAM v. ALLEGHENY CORRECTIONAL HEALTH SERVICES, INC., JOHN DOE, JANE DOE and ALLEGHENY COUNTY

44) Paragraphs 1 through 43 are hereby incorporated by reference as if fully set forth at length herein.

45) The Plaintiff was lodged in the Allegheny County Jail as of April 2, 2013.

46) The Plaintiff had developed a compartment syndrome of the left arm as a result of the arrest by Allegheny County Deputy Sheriffs.

47) The Plaintiff became very sick at the Allegheny County Jail. She developed a staph infection and had massive headaches.

48) The Plaintiff requested to see a physician on sixteen occasions but was not permitted to see any type of medical personnel.

49) The Plaintiff made requests to John Doe and Jane Doe on sixteen occasions but she never saw a physician, nurse or other competent medical professional.

50) Neither the Allegheny County Correctional Officers nor the staff of Allegheny Correctional Health Services, Inc., permitted the Plaintiff to see a physician, a nurse or other medical professional.

51) The Plaintiff was then hospitalized at UPMC Mercy Hospital and underwent above elbow amputation of the left arm. She received acute dialysis.

52) By taking Amy Needham into custody, the Defendants entered into a special relationship with her which imposed affirmative duties of care and protection upon Ms. Needham and obligated said Defendants not to cause injury or harm to Ms. Needham and to give proper medical treatment to her while she was in the custody and control of the Defendants.

53) Amy Needham suffered the aforesaid injuries and damages complained of as a result of the Defendants' defective policies, procedures, practices, customs, directives and/or administrative procedures as follows:

   a. A policy of failing to supervise personnel adequately;

   b. A policy of failing to provide adequate training to its employees concerning the proper and appropriate treatment of inmates;

   c. A policy that failed to properly investigate and vet employees; and

   d. Other defective policies concerning the medical treatment of inmates, as to be determined during pendency of this action.

54) The failure of the Defendants to provide proper training to John Doe, Jane Doe and other employees caused the damages suffered by the Plaintiff.

55) The lack of training and supervision of John Doe, Jane Doe and other employees was so reckless or grossly negligent that a deprivation of Plaintiff's Constitutional right was substantially certain to occur.

56) The failure of managers to provide proper supervision to John Doe, Jane Doe and other employees was so reckless or gross negligent that a deprivation of Plaintiff's constitutional rights was substantially certain to occur

57) A reasonable manager would conclude that additional training and supervision of John Doe and Jane Doe and other employees would have prevented the loss the plaintiff suffered.

58) The failure of the Defendants to provide proper training and supervision of John Doe, Jane Doe and other employees amounted to a deliberate indifference of the rights of the Plaintiff.

59) The Defendants' conduct constitutes reckless and/ or deliberate indifference to the safety, health and constitutional rights of the Plaintiff in the following particulars:

    a. By its failure to adequately train, supervise, monitor and/or discipline its officers and/or employees as set forth above to avoid violations of inmates' Constitutional rights;

    b. By its failure to correct (through training, discipline, monitoring, policy changes, etc.) its employees' conduct and

    c. By its failure to investigate and determine whether its officers and/or employees were complying with its policies and/or customs, and/or violating inmates' Constitutional rights.

60) The above actions of the Defendants were the direct and proximate cause of Amy Needham's injuries, in that they increased the risk of harm to Ms. Needham, harm which she did in fact sustain and which she suffers from to this day.

61) By reason of the aforesaid, Amy Needham's civil rights were violated, including but not limited to, Ms. Needham's rights under the Fourteenth Amendment to the Constitution of the United States to be free from cruel and unusual punishment.

62) The Defendants have by the above described actions deprived the Plaintiff of rights secured by the Fourteenth Amendment to the United States Constitution in violation of 42 U.S.C. 1983.

    WHEREFORE, the Plaintiff respectfully requests that this District Court enter judgment against the Defendants, jointly and severally, and for the Plaintiff in the amount in excess of $75,000.00, costs of suit, and any other relief this District Court deems just and equitable. The Plaintiff also requests punitive damages against John Doe and Jane Doe.

COUNT IV

VIOLATION OF PLAINTIFF'S CIVIL RIGHTS
ARTICLES 1-1, 8 AND 13 OF THE CONSTITUTION OF PENNSYLVANIA
AMY J. NEEDHAM v. JOHN DOE, JANE DOE, ALLEGHENY CORRECTIONAL
HEALTH SERVICES, INC. and ALLEGHENY COUNTY

63) Paragraphs 1 through 62 are hereby incorporated by reference as if fully set forth at length herein.

64) As a direct and proximate result of the aforedescribed conduct, the Plaintiff has suffered those injuries as aforedescribed, which have resulted in the violation of her constitutionally protected rights as set forth in Article 1 §§1,8, and 13 of the Constitution of the Commonwealth of Pennsylvania.

WHEREFORE, the Plaintiff respectfully requests that this District Court enter judgment against the Defendants, jointly and severally, and for the Plaintiff in the amount in excess of $75,000.00 plus costs of suit, and any other relief this District Court deems just and equitable. The Plaintiff also requests punitive damages against John Doe and Jane Doe.

## COUNT V

### BATTERY
### AMY J. NEEDHAM v. LIEUTENANT JOHN KEARNEY and DEPUTY SHERIFF JARED KULIK

65) Paragraphs 1 through 51 are hereby incorporated by reference as if fully set forth at length herein.

66) Defendants Kearney and Kulik used excessive force in arresting the Plaintiff.

67) As a direct and proximate result of the conduct of Defendants Kearney and Kulik, the Plaintiff has been injured and damaged as aforedescribed.

68) At all times material hereto, it was foreseeable to Defendants Kearney and Kulik that they could have caused the aforesaid injuries and damages to the Plaintiff.

69) At all times material hereto, it was foreseeable to Defendants Kearney and Kulik that the Plaintiff would have suffered said injuries and damages.

70) The conduct of the Defendants Kearney and Kulik as aforedescribed was wanton, reckless and indifferent to the right of the Plaintiff, and she is entitled to an award of punitive damages against the Defendants Kearney and Kulik.

WHEREFORE, the Plaintiff respectfully requests that this District Court enter judgment against the Defendants, jointly and severally, and for the Plaintiff in the amount in excess of $75,000.00 plus punitive damages, costs of suit, and any other relief this District Court deems just and equitable.

## COUNT VI
### SUPPLEMENTAL STATE CLAIMS
### AMY J. NEEDHAM v. LIEUTENANT JOHN KEARNEY, DEPUTY

SHERIFF JARED KULIK and JOHN DOE, JANE DOE

71) Paragraphs 1 through 70 are hereby incorporated by reference as if fully set forth at length herein.

72) The action and conduct of the Defendants in this cause of action constitute assault and battery, intentional infliction of emotional distress, and negligence, gross negligence and negligent hiring, training, supervision and retention under the laws of the Commonwealth of Pennsylvania, and this Court has supplemental jurisdiction to hear and adjudicate these claims

WHEREFORE, the Plaintiff respectfully requests that this District Court enter judgment against the Defendants, jointly and severally, and for the Plaintiff in the amount in excess of $75,000.00 plus punitive damages, costs of suit, and any other relief this District Court deems just and equitable.

Respectfully submitted

 May 29, 2014_____ /s/ Marvin Leibowitz
Date Marvin Leibowitz, Esquire
Pa. I.D. #25034
Attorney for Plaintiff

Marvin Leibowitz and Associates
Suite 619, Corporate Center
One Bigelow Square
Pittsburgh, PA   15219
(412) 391-1191