IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| AMY NEEDHAM, | ) | Civil Action No. 13-1829 |
|---|---|---|
| Plaintiff, | ) ) | District Judge Cohill |
| | ) | Chief Magistrate Judge Lenihan |
| v. | ) ) | |
| WILLIAM P. MULLEN, Sheriff Of Allegheny County, LIEUTENANT JOHN KEARNEY, DETECTIVE JARED KULIK, ALLEGHENY COUNTY CORRECTIONAL HEALTH SERVICES, INC., and ALLEGHENY COUNTY, | ) ) ) ) ) ) ) ) | ECF No. 42 |
| Defendants. | ) | |

**REPORT AND RECOMMENDATION**

**I. RECOMMENDATION**

It is respectfully recommended that the partial Motion to Dismiss at ECF No. 42 be granted.

**II. REPORT**

Presently before the Court is Defendant Allegheny County's ("County") Partial Motion to Dismiss for Failure to State a Claim. (ECF No. 42.)

A. FACTS

Plaintiff Amy Needham ("Plaintiff" or "Needham") avers the following in her Second Amended Complaint.

Plaintiff was arrested in her residence by two of the named defendants, Lieutenant Kearney ("Kearney") and Detective Kulik ("Kulik") (collectively "Defendants") and five other

deputy sheriffs. (ECF No. 40 at ¶ 13.) She was in the bathroom at the time, but the officers would not wait, and broke down the bathroom door. (ECF No. 40 at ¶¶ 14-16.) Defendant Kearney tasered her twice and forced her to the ground. (ECF No. 40 at ¶ 17.) Defendant Kulik applied arm bars and wrist locks. (ECF No. 40 at ¶ 18.) Defendant Sheriffs applied handcuffs that were too tight. (ECF No. 40 at ¶ 19.) She was placed in a van for the ride to the Allegheny County Jail. (ECF No. 40 at ¶ 20.)

Plaintiff was lodged at the Allegheny County Jail as a pretrial detainee. (ECF No. 40 at ¶ 23.) She became very sick, had massive headaches, and developed a staph infection. (ECF No. 40 at ¶ 24.) She requested to see a physician on 16 occasions but her requests were denied. (ECF No. 40 at ¶ 26.) She did not receive any medical care from a nurse, doctor or any competent medical practitioner. (ECF No. 40 at ¶ 27.)

Eventually, Plaintiff was hospitalized at UPMC Mercy and underwent an above elbow amputation of the left arm. (ECF No. 40 at ¶ 28.)

Plaintiff seeks only monetary damages.

### B. LEGAL STANDARD

Recently, the United States Court of Appeals for the Third Circuit aptly summarized the standard to be applied in deciding motions to dismiss filed pursuant to Rule 12(b)(6):

> Under the "notice pleading" standard embodied in Rule 8 of the Federal Rules of Civil Procedure, a plaintiff must come forward with "a short and plain statement of the claim showing that the pleader is entitled to relief." As explicated in *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), a claimant must state a "plausible" claim for relief, and "[a] claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Although "[f]actual allegations must be enough to raise a right to relief above the speculative level," *Bell Atlantic Corp. v. Twombly*, 550

2

> U.S. 544, 555 (2007), a plaintiff "need only put forth allegations
> that raise a reasonable expectation that discovery will reveal
> evidence of the necessary element." *Fowler*, 578 F.3d at 213
> (quotation marks and citations omitted); *see also Covington v. Int'l
> Ass'n of Approved Basketball Officials*, 710 F.3d 114, 117–18 (3d
> Cir. 2013).

*Thompson v. Real Estate Mortg. Network*, 748 F.3d 142, 147 (3d Cir. 2014).

Allegheny County moves for partial dismissal on the following claims:

1.) Count III for violation of 42 U.S.C. § 1983, and specifically for violation of the special relationship theory pursuant to the Substantive Due Process Clause of the Fourteenth Amendment to the United States Constitution; and

2.) Count IV for violation of the Pennsylvania Constitution, specifically Article 1, §§ 1, 8, and 13.

On August 25, 2014, Plaintiff moved to withdraw Count IV of the Second Amended Complaint. (ECF No. 57.) On August 27, 2014, the Court granted Plaintiff's motion. Therefore, the Court will consider only Defendant's Motion to Dismiss Count III of the Second Amended Complaint.

As to Count III, Defendant County argues that because Plaintiff was a pre-trial detainee while at the Allegheny County Jail, "there is no need to establish a special relationship, because the custodial detention already creates whatever obligations are owed to Plaintiff." (ECF No. 43 at 4.) In response, Plaintiff argues that a special relationship exists because she was dependent upon the County for her medical care and protection while detained in the Allegheny County Jail. (ECF No. 50 at 5-8.)

### C. ANALYSIS

Section 1983 of the Civil Rights Act provides as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or any other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983. To state a claim for relief under this provision, a plaintiff must demonstrate that the conduct in the complaint was committed by a person or entity acting under color of state law and that such conduct deprived the plaintiff of rights, privileges or immunities secured by the Constitution or the laws of the United States. *Piecknick v. Commonwealth of Pennsylvania*, 36 F.3d 1250, 1255-56 (3d Cir. 1994). Section 1983 does not create rights; it simply provides a remedy for violations of those rights created by the United States Constitution or federal law. *Kneipp v. Tedder*, 95 F.3d 1199, 1204 (3d Cir. 1996).

Any claim alleging a special relationship is subsumed by Plaintiff's claim for violation of substantive due process pursuant to the Fourteenth Amendment as it relates to those rights enjoyed by all pretrial detainees, that are at least as great as those rights enjoyed by convicted prisoners pursuant to the Eighth Amendment. *Bell v. Wolfish*, 441 U.S. 520, 535 n.16 (1979); *Bistrian v. Levi*, 696 F.3d 352, 367 (3d Cir. 2012) (citing *Fuentes v. Wagner*, 206 F.3d 335, 344 (3d Cir. 2000)). That is, whenever the State takes a person into its custody, it must provide for the individual's health and safety. "In the substantive due process analysis, it is the State's affirmative act of restraining the individual's freedom to act on his own behalf –through incarceration, institutionalization, or other similar restraint of personal liberty –which is the 'deprivation of liberty' triggering the protections of the Due Process Clause [of the Fourteenth

Amendment]." *DeShaney v. Winnebago County Dept. of Soc. Servs.*, 489 U.S. 189, 200 (1989). It is from this principle that the Eighth Amendment protections of convicted prisoners, and the Fourteenth Amendment protections of pretrial detainees, arise. Hence, a separate and distinct claim under a special relationship theory is inapplicable where state actors are allegedly responsible for the constitutionally cognizable harm.

Instead, the special relationship theory will support a separate and distinct claim against a government entity where the private actions of third parties injure an individual with whom the State has entered into a special relationship. *Lewis v. Neal*, 905 F. Supp. 228, 231 (E.D. Pa. 1995) (citing *D.R. by L.R. v. Middle Bucks Area Vocational Tech. Sch.*, 972 F.2d 1364, 1369 (3d Cir. 1992)). Section 1983 requires state action, yet this requirement is circumvented in the context of a special relationship where a private actor causes the harm. Here, Plaintiff's injuries were allegedly inflicted by state actors: law enforcement personnel, corrections officers, and the County. Hence, the theory is inapplicable under these facts. Therefore, Count III of the Second Amended Complaint should be dismissed.

### III. CONCLUSION

It is respectfully recommended that the Partial Motion to Dismiss at ECF No. 42 be granted.

In accordance with the Magistrate Judge's Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Local Rule of Court 72.D.2., the parties are allowed fourteen (14) days from the date of service to file objections to this report and recommendation. Any party opposing the objections shall have fourteen (14) days from the date of service of objections to respond thereto. Failure to file timely objections will constitute a waiver of any appellate rights.

Dated: August 27, 2014						BY THE COURT:


							_____
							LISA PUPO LENIHAN
							Chief United States Magistrate Judge


cc:
	All Counsel of Record
	Via Electronic Mail